**FILED**

FEB 07 2008

[signature] CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| JERRY LEE SETZER, | ) | CIV. 07-5044-RHB |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| DOUGLAS WEBER, Warden, South Dakota State Penitentiary, | ) | |
| Respondent. | ) | |

Petitioner, Jerry Setzer, comes before the Court requesting a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State of South Dakota (State) objects to petitioner's application and has responded. As a result, the application for writ of habeas corpus is ripe.

## BACKGROUND

On February 14, 2001, petitioner was convicted of second degree burglary. State's Response, Exhibit A. He was also found to be a habitual offender and was subsequently sentenced to 20 years of imprisonment. Id. Petitioner appealed his conviction to the South Dakota Supreme Court. Id. at Exhibit D. The South Dakota Supreme Court summarily affirmed his conviction on January 15, 2002. Id. Petitioner then filed a petition for writ of habeas corpus before the state court on August 5, 2002. Id. at Exhibit

E. The state court appointed counsel to represent petitioner. An evidentiary hearing was held on December 23, 2003. Id. at Exhibit F. Based upon the testimony presented at that hearing and upon the submissions of the parties, the state court determined that petitioner was not entitled to relief and issued an order to that effect on May 29, 2004. Id. at Exhibit J. Petitioner appealed the denial of his petition for writ of habeas corpus. Id. at Exhibit M. On December 4, 2006, the South Dakota Supreme Court affirmed the judgment of the state court and dismissed the petition. Id. at Exhibit Q. Petitioner then sought the review of the United States District Court. Id. at Exhibit R. Upon reviewing petitioner's application for writ of habeas corpus, the Court determined that he had not exhausted all of his claims and therefore, pursuant to 28 U.S.C. § 2254 and the law of the Eighth Circuit, dismissed the petition without prejudice so that petitioner could exhaust claims. Id. at Exhibit T. Petitioner then filed a petition for writ of habeas corpus regarding his unexhausted claims. Id. at Exhibit W. In a letter dated June 6, 2007, petitioner was informed that his request failed to provide the necessary information for the state court to consider his claims and as such, returned the petition without filing. Id. at Exhibit X. On June 25, 2007, petitioner commenced this action. The Court ordered the state to respond and received a conclusory and, at best, weak response.

## STANDARD OF REVIEW

The Eighth Circuit has held that a state court's determination regarding a petition for writ of habeas corpus must be given deferential review. See Whitmore v. Dormire,

340 F.3d 532, 536 (8th Cir. 2003) (citing Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003) and 28 U.S.C. § 2254). Title 28 of the United States Code, section 2254(d) provides that

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

## DISCUSSION

Before addressing the substance of the petition, the Court notes that the petition is timely. Furthermore, as petitioner has not renewed the unexhausted claims from his previously dismissed petition, the Court finds that each of the claims in the petition currently before the Court have been exhausted.

**A.   Sufficiency of the Evidence**

Petitioner argues that there is insufficient evidence in the record to support his conviction. "The United States Supreme Court has held that a writ of habeas corpus based on a claim of insufficiency of the evidence will be granted only if 'it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" McDonald v. Bowersox, 101 F.3d 588, 599 (8th

3

Cir. 1996) (quoting <u>Jackson v. Virginia</u>, 443 U.S. 307, 324, 99 S. Ct. 2781, 2791-92, 61 L. Ed. 2d 560 (1970)). When reviewing a claim regarding the sufficiency of the evidence, "'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" <u>Whitehead v. Dormire</u>, 340 F.3d 532, (8th Cir. 2003) (quoting <u>Jackson v. Virginia</u>, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). The state court found that there was sufficient evidence in the record to support petitioner's conviction. The Court agrees.

Among the evidence presented to the jury were petitioner's own incriminatory statements placing him at the scene of the crime and describing how he assisted his co-defendant with the burglary. Evidence was also admitted that showed that petitioner had knowledge of the location of the stolen goods. Furthermore, petitioner was apprehended in possession of the stolen property while attempting to sell the property. As a result, there is sufficient evidence for a rational trier of fact to determine that petitioner was guilty of the crime for which he was convicted.

Petitioner argues, "There was absolutely 'No' witness(s) who could place defendant at the scene of the crime. The only witness identification of the defendant occurred (1) one day before trial, (3) months after the crime. Identification was tainted as the only other photos shown in line up was that of a black man." The Eighth Circuit has ruled that "[s]uggestive pretrial procedures, without more, do not require a finding that

due process rights are violated. The issue is whether the pretrial identification procedures created a substantial likelihood of irreparable misidentification, or whether the in-court identification had a reliable and independent basis." Cotton v. Armontrout, 784 F.2d 320, 321 (8th Cir. 1986). Assuming that the pretrial identification procedure was suggestive, an examination of the totality of the circumstances requires the affirmance of the state court's determination.

When determining if an in-court identification is reliable, the Court is to examine certain factors, including "'the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the confrontation.'" Sanchell v. Parratt, 530 F.2d 286, 293 (8th Cir. 1976) (quoting Neil v. Biggers, 409 U.S. 188, 199-200, 93 S. Ct. 375, 382, 34 L. Ed. 2d 401 (1972)). Here, the witnesses which testified as to Petitioner's presence at the scene of the crime were able to give an accurate general description of him after having ample opportunity to observe him in the store. Each witness was certain as to her testimony. Furthermore, the in-court identification took place within months after the event. Petitioner's objections to the testimony goes to credibility and not admissibility. Petitioner's constitutional rights were not violated by the admission of the in-court identification. As a result, the Court concludes that the admission of the in-court

identifications were not in violation of petitioner's constitutional rights. The claim, therefore, is denied.

B.   **Denial of Motion for Mistrial**

Petitioner also claims his rights were violated when the state court denied his motion for a mistrial based upon the mistaken strike of a potential juror. During the strike down process, petitioner's counsel exercised a strike and removed a juror he had intended to keep. Upon the announcement of the jury panel, petitioner's counsel determined that he had mistakenly exercised the strike and a juror who he had intended to strike was seated on the panel. The state court determined that the juror who was seated was qualified and impartial and that there was no error.

"A trial court's determination of whether a juror is impartial and qualified to be seated is a question of fact entitled to a presumption of correctness under 28 U.S.C. § 2254(d)." Wright v. Lockhart, 914 F.2d 1093, 1101 (8th Cir. 1990) (citing Patton v. Yount, 467 U.S. 1025, 1038, 104 S. Ct. 2285, 2892-93, 81 L. Ed. 2d 847 (1984)). There is no question that the juror that was seated was impartial and qualified to be a member of the jury. Rather, defendant argues that he wanted a different juror. This is not sufficient to overcome the presumption of correctness. Moreover, there is no guarantee that had the strike down process been repeated, that the juror mistakenly struck would be a member of the jury that received petitioner's case. Petitioner was entitled to an impartial and qualified jury and that is what he received. As a result, this claim shall be denied.

C. **Denial of Motion to Suppress**

Petitioner also argues that his constitutional rights were violated when the trial court failed to suppress the statements he made to officers. In his application for writ of habeas corpus, petitioner states "Upon his arrest defendant was never questioned as to his being intoxicated by drugs or alcohol. At court he stated he was obviously impaired and didn't remember ½ of what was said to investigators. The state admitted defendants statements as 'admissions' although this was clearly erronious [sic] due to the state never establishing statements were voluntary or that there wasn't any coercive conduct by detectives." A motion to suppress the statements was made by petitioner's counsel and an evidentiary hearing was held regarding the motion. The state court concluded that petitioner had been advised of his rights prior to questioning and that he understood those rights and waived them. The state court further concluded that there was no evidence that petitioner was impaired by alcohol or drugs. Finally, the state court determined that there were no threats or promises made to petitioner. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C.A. § 2254(e)(1). Petitioner has not overcome this presumption. As a result, this claim is denied.

7

D.  **Ineffective Assistance of Counsel (Ground V)**

Plaintiff alleges that he received ineffective assistance of counsel when his counsel struck the wrong juror during voir dire and failed to object to leading questions posed by the prosecutor. To succeed on a claim of ineffective assistance of counsel, petitioner must first show "that counsel's representation was constitutionally deficient, which requires a showing that counsel's performance fell below an objective standard of reasonableness." Winfield v. Roper, 460 F.3d 1026, 1033 (8th Cir. 2006) (citing Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). Petitioner "must then show that the deficient performance prejudiced his defense." Winfield, 460 F.3d at 1033 (citing Strickland, 466 U.S. at 687, 104 S. Ct. 2052). The Eighth Circuit has held that an inquiry into counsel's effectiveness need not be made if it is determined that defendant was not prejudiced by the actions of his counsel. See Siers v. Weber, 259 F.3d 969, 974 (8th Cir. 2001). "In order to show prejudice, [petitioner] must establish 'that there is a reasonable probability that but for counsel's unprofessional errors, the result . . . would have been different.'" Id. (quoting Strickland, 466 U.S. at 694, 104 S. Ct. 2052). In determining the issue of prejudice, the Court "must consider the totality of the evidence." Siers, 259 F.3d at 974. Furthermore, in the Eighth Circuit "a habeas petitioner cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test." Hall v. Luebbers, 296 F.3d 685, 693 (8th Cir. 2002) (citing Wainwright v. Lockhart, 80 F.3d 1226, 1233 (8th Cir. 1996)).

8

Petitioner alleges that his counsel was ineffective because counsel struck the wrong juror. There is no indication that the juror who remained a member of the panel was biased. Petitioner, despite the mistaken strike, received a trial before an impartial jury panel. Petitioner has failed to show that, but for the mistaken strike, the result of his trial would have been different.

Petitioner also alleges that he received ineffective assistance of counsel because his counsel failed to object to leading questions posed by the prosecution. The state court, in reviewing petitioner's application for writ of habeas corpus, determined that counsel's actions were based upon a reasonable trial strategy. "There is a strong presumption that counsel's challenged actions or omissions were, under the circumstances, sound trial strategy." Garrett v. Dormire, 237 F.3d 946, 949-50 (8th Cir. 2001). Petitioner has not overcome this presumption. Moreover, petitioner has not shown prejudice. As a result, the Court shall deny this claim. Accordingly, it is hereby

ORDERED that petitioner's application for writ of habeas corpus (Docket #1) is denied.

Dated this 7th day of February, 2008.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE

9